IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81388-TLS |
| | ) | |
| JOHN JOSEPH SWANSON, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### **ORDER**

      Hearing was held in Omaha, Nebraska, on September 8, 2008, on a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the U.S. Trustee (Fil. #17), a Joinder in that motion filed by Omaha Police Federal Credit Union (Fil. #22), and a Resistance filed by Debtor (Fil. #25). Thalia Carroll appeared for Debtor, Jerry L. Jensen appeared on behalf of the U.S. Trustee, and David J. Koukol appeared for Omaha Police Federal Credit Union ("Credit Union").

### *Background*

      The underlying facts are as follows:

      1.    Debtor and Patricia Swanson were married in September 1987 and were divorced in December 2006.

      2.    Two children were born to Debtor and Patricia, for whom Debtor pays child support in the amount of $1,000.00 per month. Debtor also pays alimony of $700.00 per month.

      3.    On September 27, 2005, a paternity order was entered in the District Court of Sarpy County, Nebraska, requiring Debtor to make child support payments in the amount of $500.00 per month to Kristine, the mother of another child fathered by Debtor.

      4.    Debtor filed this Chapter 7 proceeding on May 30, 2008. On June 4, 2008, Debtor married Kristine.

      5.    On the date of bankruptcy filing, Debtor was residing with Kristine and testified at the § 341 meeting of creditors that he had no rent or mortgage payment. However, when completing his Form 22C Means-Test Calculation, Debtor claimed a mortgage/rent expense in the amount of $1,211.00.

      6.    Although Debtor was living with Kristine on the date of bankruptcy filing, he did not include any financial contributions by Kristine on Line 8 of his means test form, which calls for "any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose."

7. Debtor included the $500.00 per month child support payments he was ordered to pay to Kristine on Line 28 of the means test form, in addition to the court-ordered payments he was required to pay to Patricia, his former wife.

8. Finally, Debtor claimed a household size of four on his means test form, but the U.S. Trustee asserts, and Debtor apparently agrees, that his household size should be three rather than four. It is unclear why Debtor would agree to a household size of three since on the date of filing, four individuals lived in Debtor's home: Debtor, Kristine, their 4-year-old son, and Kristine's 12-year-old child.[1]

## *Discussion*

11 U.S.C. § 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. § 707(b)(2) outlines the "means test" to determine whether a "presumption of abuse" arises. Under the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation filed by Debtor, the presumption of abuse does not arise.

The U.S. Trustee asserts that the presumption of abuse does arise under 11 U.S.C. § 707(b)(2) when several "corrections" are made. Specifically, the U.S. Trustee asserts that Debtor is only entitled to claim a household size of three and that Debtor should not be entitled to claim a mortgage/rent expense since Debtor has no such expense. The U.S. Trustee likens this situation to that in *Babin v. Wilson (In re Wilson)*, 383 B.R. 729 (B.A.P. 8th Cir. 2008), where the Eighth Circuit Bankruptcy Appellate Panel found that the debtor was not entitled to a vehicle ownership expense unless the debtor actually had such an expense. The U.S. Trustee also argues that Kristine's income and contribution to household expenses should be included since Debtor was living with her on the date of bankruptcy filing and married her days later. Finally, the U.S. Trustee argues that Debtor should not be entitled to a $500.00 deduction for child support paid to Kristine since they are now married.

The U.S. Trustee also filed this motion under 11 U.S.C. § 707(b)(3), which provides in pertinent part:

> In considering under paragraph (1) whether the granting of relief would be
> an abuse of the provisions of this chapter in a case in which the presumption in

---

[1] *See In re Ellringer*, 370 B.R. 905 (Bankr. D. Minn. 2007), in which the size of the household was determined by reference to the Census Bureau definition of "household," which includes all of the people, related or unrelated, who occupy a housing unit.

subparagraph (A)(i) of such paragraph[2] does not arise or is rebutted, the court shall consider –
   (A) whether the debtor filed the petition in bad faith; or
   (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

Accordingly, even where the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in this case will constitute an abuse. Section 707(b)(3) provides the standard for such consideration, mainly bad faith or the totality of the circumstances of Debtor's financial situation.

The Credit Union joins in the U.S. Trustee's motion and asserts that Debtor would receive a windfall if Debtor were allowed to proceed under Chapter 7. Specifically, in late 2007, Debtor and Patricia agreed to amend their divorce decree to reduce the amount Patricia would receive from Debtor's pension by approximately $17,000.00 in exchange for Debtor obtaining a release for Patricia from the joint indebtedness they owed to the Credit Union for their former home. As part of that transaction, the Credit Union approved a "short sale" of the home and accepted a promissory note from Debtor for the unsecured deficiency balance. The U.S. Trustee and the Credit Union both urge that allowing Debtor a Chapter 7 discharge in a case filed within six months after the closing of that transaction constitutes a windfall to Debtor. Specifically, by virtue of the transaction, he essentially traded a nondischargeable obligation owed to his former spouse for a potentially dischargeable unsecured claim owed to the Credit Union.

The U.S. Trustee submitted an amended means test form which indicates monthly disposable income in excess of $1,200.00 per month, which is more than enough for the presumption of abuse to arise. To arrive at that figure, the U.S. Trustee changed Debtor's household size from four to three, denied Debtor a deduction for mortgage/rent expense, and reduced the child support payments by $500.00. However, no amount is shown for Kristine's contributions to household expenses. Without Kristine's contribution toward household expenses being included on Line 8, it is impossible for this Court to determine whether it is appropriate to deny Debtor a mortgage/rent expense deduction. Further, as Debtor points out, on the date of bankruptcy filing, he and Kristine were not married and he did have a legal obligation to pay the $500.00 child support obligation.

Notwithstanding the lack of necessary information regarding Kristine's contributions to household expenses, two important facts are clear. First, it is undisputed that Kristine paid the house payment. The Eighth Circuit Bankruptcy Appellate Panel has determined that it would not make sense to allow Debtor a deduction for an expense he does not have. *Wilson*, 383 B.R. at 732-33. Further, even if Debtor should be allowed such a deduction, since Kristine makes the payment, that amount she pays should be included on Line 8 as a contribution toward household expenses.

---

[2]Congress apparently meant to refer to subsection (A)(i) of paragraph (2) because there is no subsection (A)(i) of paragraph (1).

Second, the $500.00 per month of child support that Debtor was required to pay to Kristine on the date of filing is also an amount that should be included on Line 8 since it is received by Kristine for purposes of supporting a child in the household. In other words, the housing expense and support deductions are set off against contributions by Kristine for household expenses.

Using Debtor's means test form (which is based on a household size of four), if the amount of the housing expense and $500.00 child support deductions are added back into the equation as contributions by Kristine on Line 8, Debtor's monthly disposable income changes from negative $727.20 to positive $983.80, or more than $59,000.00 projected over 60 months. Even if the $500.00 child support is not included on Line 8 but is assumed to be a part of Kristine's housing payment, Debtor's projected disposable income would be approximately $29,000.00. In either case, Debtor's projected disposable income is more than $10,950.00 and the presumption of abuse does arise under § 707(b)(2).

Since it is clear that the presumption of abuse under § 707(b)(2) arises in this case, it is not necessary to address whether the case should be dismissed under 11 U.S.C. § 707(b)(3) based on bad faith or the totality of the circumstances of a debtor's financial situation.

IT IS, THEREFORE, ORDERED that the U.S. Trustee's Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(2) (Fil. #17) and the Joinder by the Credit Union (Fil. #22) are granted. Debtor shall have until October 31, 2008, to file a motion to convert this case to a case under another chapter of the Bankruptcy Code. If Debtor fails to do so, this case will be dismissed upon the filing of an affidavit by the U.S. Trustee requesting such dismissal.

DATED: October 7, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Thalia Carroll
    *Jerry L. Jensen/U.S. Trustee
    *David J. Koukol
    Richard D. Myers

Movant (*) is responsible for giving notice to other parties if required by rule or statute.